**Jeffrey L. BRITT, Plaintiff,**

v.

**The UNITED STATES of America and Department of the Air Force, Defendants.**

**No. 97–1558–CIV–ORL–22B.**

United States District Court,
M.D. Florida,
Orlando Division.

Jan. 5, 1998.

James A. Chereskin, Daytona Beach, FL, for Jeffrey L. Britt, plaintiff.

## *MEMORANDUM OF DECISION*

CONWAY, District Judge.

On January 2, 1998, the Court, by endorsement, denied a Motion for Temporary Restraining Order (Dkt. 2) filed by the Plaintiff, Jeffrey L. Britt. This memorandum sets forth the reasoning upon which that ruling was based.

Formerly, Britt was enrolled as a cadet at the Air Force Academy. He left the Academy prior to completing his course of study at that institution.[1] The Air Force has now ordered Britt to report for active duty as an enlisted member.

On December 31, 1997, Britt commenced the instant action against the government by filing a complaint and the motion for a temporary restraining order. By means of his motion, Britt sought an order enjoining the

Air Force, on an *ex parte* basis, from requiring him to report for active duty service.

The Court denies the motion for temporary restraining order on both substantive and procedural grounds.

Substantively, Britt has failed to demonstrate a likelihood of success on the merits of his suit. Britt primarily founds his position on a federal statute, 10 U.S.C. § 2005. That statute provides, in pertinent part, as follows:

(a) The Secretary concerned may require, as a condition to the Secretary providing advanced education assistance to any person, that such person enter into a written agreement with the Secretary concerned under the terms of which such person shall agree—

(1) to complete the educational requirements specified in the agreement and to serve on active duty for a period specified in the agreement;

(2) that if such person fails to complete the education requirements specified in the agreement, such person will serve on active duty for a period specified in the agreement;

(3) that if such person, voluntarily or because of misconduct, fails to complete the period of active duty specified in the agreement, or fails to fulfill any term or condition prescribed pursuant to clause (4), such person will reimburse the United States in an amount that bears the same ratio to the total cost of advanced education provided such person as the unserved portion of active duty bears to the total period of active duty such person agreed to serve; and

(4) to such other terms and conditions as the Secretary concerned may prescribe to protect the interest of the United States.

(b) The Secretary concerned shall determine the period of active duty to be served by any person for advanced education assistance to be provided such person by an armed force, except that if the period of active duty required to be served is specified under another provision of law with respect to the advanced education assistance to be provided, the period specified

1. The circumstances underlying Britt's "disenrollment" are unclear.

in the agreement referred to in subsection (a) shall be the same as the period specified in such other provision of law.

Britt's interpretation of this statute is that the Air Force cannot order him to active duty so long as he agrees to reimburse the United States for the educational benefits provided him at the Academy. The Court disagrees. The statute vests the service Secretaries with the discretion to require active duty service as opposed to reimbursement upon an individual's failure to complete the program of instruction at a military service academy. The Air Force is afforded "considerable deference" in resolving personnel matters such as here presented. *See United States v. McCrackin*, 736 F.Supp. 107, 112 (D.S.C.1990), *affirmed* 929 F.2d 695 (4th Cir.), *cert. denied*, 502 U.S. 867, 112 S.Ct. 195, 116 L.Ed.2d 155 (1991).

Britt also alleges that Air Force regulations "implementing" 10 U.S.C. § 2005 are "inconsistent" with the statute. *See* Dkt. 1 at ¶¶ 10 & 11. However, Britt does not specify in his complaint which particular regulations he is referring to, and has not furnished the Court with copies of any Air Force regulations.[2]

Further, Exhibit "D" to the complaint reflects that in ordering Britt to active duty, the Air Force is relying on a document, entitled "Educational Delay Statement of Understanding," which Britt purportedly signed at the time of his disenrollment. Despite the obvious importance of this document, Britt has not addressed its provisions or furnished the Court with a copy of it. The Court is ill-equipped to resolve the instant dispute in the absence of this information.

The motion is procedurally defective in the following respects: (1) it neither contains a supporting legal memorandum or brief, nor is accompanied by such (Local Rule 4.05(b)(3)); (2) Britt has not demonstrated, by sworn materials, why notice should not be given to the United States, particularly in view of the fact that Britt and the Air Force had been communicating for months concern-ing the subject of Britt's active duty service requirement (Local Rule 4.05(b)(2)); and (3) Britt has not supported his allegations of irreparable injury with sworn proof (Local Rule 4.05(b)(2)).

Regarding item (3) above, while Britt's complaint is verified, it contains only conclusory allegations regarding irreparable injury. Britt's December 4 letter, attached as an exhibit to the complaint, sets forth statements regarding the hardships Britt will face if he is required to report for active duty. However, that document is not sworn. The mere fact that an exhibit is attached to a verified complaint does not mean that the person verifying the pleading adopts, under oath, all statements contained in the exhibit. Even if the matters set forth in the letter were properly before the Court, the Court determines that, under the particular circumstances of this case, Britt has not demonstrated that he will suffer irreparable injury if he obeys the Air Force's directive to report for active duty.

---

**2.** In a December 4, 1997, letter from Britt to the Secretary of the Air Force Personnel Council, attached as Exhibit "C" to the complaint, Britt makes reference to certain Air Force "Instruc-tions." It is unclear if these are "regulations" and, if so, whether they are the regulations referenced in the complaint.